UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NATHAN WILSON,

        Plaintiff,

vs.

C/O DANIELS, et al.,

        Defendants.
_____/

Civil Action No.
08-CV-12802

HON. BERNARD A. FRIEDMAN

## OPINION AND ORDER OF DISMISSAL

Plaintiff, Nathan Wilson, a Michigan state prisoner currently confined at Kinross Correctional Facility in Kincheloe, Michigan, has filed a *pro se* civil rights complaint. Plaintiff claims that Defendants committed an assault and battery upon his person, with excessive force, causing physical injury. Accordingly, he maintains that his Eighth Amendment constitutional right to be free from cruel and unusual punishment has been violated. Plaintiff is seeking monetary relief as compensation for his injuries.

The Court's database reveals that Plaintiff has filed six prior prisoner civil rights cases in the Michigan federal courts. Four of the six cases were dismissed due to Plaintiff's failure to state a claim upon which relief can be granted, and one was dismissed pursuant to the "three strikes rule," codified at 28 U.S.C. § 1915(g). The chart below describes Plaintiff's filing history:

| **Case No.** | **Dismissal Date & Reason** | **District Court** |
| --- | --- | --- |
| 02-CV-00936 | 1/7/03 (failure to state a claim) | Western District |
| 05-CV-00082 | 9/7/05 (failure to state a claim) | Western District |
| 05-CV-40027 | 4/20/05 (failure to state a claim) | Eastern District |
| 06-CV-00142 | 6/6/06 (failure to state a claim) | Western District |
| 06-CV-00239 | 6/30/06 ("three strikes rule") | Western District |

The three strikes rule provides, in pertinent part, as follows:

> In no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. §1915(g). To establish that his Complaint falls within the statutory exception to the three strikes rule, Plaintiff must have alleged that he was under "imminent danger of serious physical injury" at the time of the filing of his Complaint. *See Ashley v. Dilworth*, 147 F.3d 715, 717 (8th Cir. 1998). Moreover, "[a]llegations that the prisoner has faced imminent danger in the past are insufficient to trigger [the "imminent danger"] exception to § 1915(g)." *Id*.

In the present case, Plaintiff fails to allege that he was under "imminent danger of serious physical injury" at the time he filed his Complaint. Rather, Plaintiff describes one isolated assaultive incident that allegedly occurred on November 10, 2005, almost three years prior to the filing of his Complaint. In addition, Plaintiff states that this incident occurred at a different facility than the one at which he is currently confined. (*See* Compl. at ¶ 1.) Plaintiff makes no allegations of any specific ongoing physical threats or attacks which would translate into an "imminent danger" set of circumstances at the new facility. Accordingly,

IT IS ORDERED that Plaintiff's Complaint is dismissed pursuant to 28 U.S.C. § 1915(g).

Dated: _July 16, 2008_____  
    Detroit, Michigan

s/Bernard A. Friedman_____  
HON. BERNARD A. FRIEDMAN  
CHIEF UNITED STATES DISTRICT JUDGE